**UNITED STATES of America**

v.

**Carmine TRAMUNTI et al., Defendants.**

**No. 73 Cr. 1099.**

United States District Court,
S. D. New York.

May 28, 1976.

See also D.C., 425 F.Supp. 344.

Robert B. Fiske, Jr., U.S. Atty. by Thomas E. Engel, Thomas M. Fortuin, New York City, for United States.

Robert L. Ellis, New York City, for defendant Mamone.

OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Following an eight week trial, fifteen defendants were convicted of conspiracy to violate the federal narcotics laws. Several defendants were also convicted of a number of related substantive offenses. The convictions of all but two were affirmed on appeal, 513 F.2d 1087 (2d Cir.), *cert. denied,* 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975). One of the defendants, Angelo Mamone, has moved for a new trial under Rule 33, Fed.R.Crim.Pro. on the ground of newly discovered evidence. The motion will be considered as having been made on behalf of all defendants.

It is the defendants' contention that in the course of the trial there were unlawful

intrusions by the government upon their fifth and sixth amendment rights. Specifically, they allege that one of the defendants, Joseph Marchese, acted as a government informant during the trial thus encroaching upon privileged communications between the defendants and their attorneys.

A hearing was convened by this Court to consider these allegations. The hearing was adjourned in its second day so that the government could submit its confidential informant's file to Marchese for an *in camera* inspection. It is the government's position that there is no need for a further hearing on this motion.

In considering whether the defendants have presented the minimum showing which would warrant an evidentiary hearing, the basis for the motion must be reviewed. Prior to submitting the *Tramunti* case to the jury, counsel for defendant Marchese moved for a judgment of acquittal. The government voiced strong opposition to the motion. Based solely on an analysis of the evidence produced against Marchese, I directed the entry of a judgment of acquittal as to him.

The defense now claims that based on Marchese's participation as a government informant in the case of *United States v. Willie Lee Knight* (Index No. 10068–R–CD) in the United States District Court for the Central District of California, there is an inference that he was an informer during the *Tramunti* trial. Marchese apparently acted as a government informer as to a drug sale to Knight in September 1971. Following the trial of the *Tramunti* case, Marchese was to have testified in the case against Knight. At the last minute, the parties agreed to stipulate to Marchese's testimony. It is also alleged that Marchese has provided information as to drug dealers not named in either the *Knight* or *Tramunti* indictments.

The defense has also suggested that the identity of names between Marchese's employer, Shamrock Cab Co., and the code name given to the *Tramunti* investigation, "Shamrock," raises the inference of cooperation with the government.

In response to the motion the government has submitted affidavits from the then United States Attorney for this District, Paul J. Curran, who personally tried the case, as well as from Assistant United States Attorneys Thomas M. Fortuin and Thomas E. Engel. Each of them has sworn that at no time has Marchese cooperated with the government in connection with this case and that at no time during the trial did they receive any information from Marchese or from any other source regarding defense strategies or conversations between defendants and their attorneys. The one other Assistant United States Attorney who participated in the presentation of the case, Walter M. Phillips, Jr., is no longer with that office. He testified at the hearing on this issue that Marchese never agreed to cooperate and that he, Phillips, never received or conveyed messages from Marchese during the trial.

I have now had the opportunity to review the government's confidential informants file and there is nothing contained therein which would remotely suggest that Marchese acted as an informant in this case.

As to the "Shamrock" matter, assuming that the one name inspired the other, which is by no means clear, it would not necessarily indicate that a possible subject of the investigation was cooperating with the government. Furthermore, the government has claimed that the name of the cab company was "Gigi" not "Shamrock."

Examining the law in this Circuit, it appears that the defense must make some showing first, that the alleged "spy-defendant" was a confidential informant; second, that the informant was used by the government to intrude upon the attorney-client relationship; and, third, that the intrusion prejudiced the other defendants in some way. *United States v. Arroyo*, 494 F.2d 1316 (2d Cir.) *cert. denied*, 419 U.S. 827, 95 S.Ct. 46, 42 L.Ed.2d 51 (1974); *United States v. Rosner*, 485 F.2d 1213 (2d Cir. 1973), *cert. denied*, 417 U.S. 950, 94 S.Ct.

3080, 41 L.Ed.2d 672 (1974); *United States v. Mosca*, 475 F.2d 1052, 1061–62 (2d Cir.) *cert. denied* 412 U.S. 948, 93 S.Ct. 3003, 37 L.Ed.2d 1001 (1973). The Circuit has rejected an approach of *per se* reversal unless there is some evidence that the government knowingly planted the informant with the intention of learning defense strategy. *United States v. Rosner, supra*, at 1223–29.

■ It would, perhaps, be unreasonable for this Court to require submission of extensive proof on each and every element of the defense claims before granting an evidentiary hearing. The purpose of a hearing is to give the parties an opportunity to develop such proof. But here virtually nothing has been produced which would warrant a further evidentiary hearing. The defense candidly admits that "we have no knowledge that Marchese actually transmitted defense information to the government." (Ellis Affidavit at par. 10). Although not dispositive of the matter, one defense attorney has acknowledged questioning Marchese as to his possible role as an informant and he has denied giving any assistance to the government.

The denial of a hearing on the Marchese question is without prejudice to a renewal of the defendant's application should a proper minimum showing be made.

The motion is denied.

SO ORDERED.